UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| ROSS E. CIESZYNSKI,<br><br>       Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>**Acting Commissioner of Social Security,**<br><br>       Defendant. | Case No. 13-2103 |

## REPORT AND RECOMMENDATION

Plaintiff Ross E. Cieszynski seeks review under 42 U.S.C. § 405(g) of the Social Security Administration's denial of his application for disability insurance benefits. The parties have filed cross motions for summary judgment. For the reasons explained below, the Court recommends that Plaintiff's Motion for Summary Judgment **(#16)** be **GRANTED**, Defendant's Motion for Summary Judgment **(#21)** be **DENIED**, and that this case be remanded under Sentence Four of § 405(g) for further proceedings.

## I.  Background

On July 2, 2011, Plaintiff filed an application for disability insurance benefits, alleging disability beginning November 26, 2009. His application was denied initially and upon reconsideration. On September 14, 2012, Plaintiff, represented by counsel, appeared for a hearing before an Administrative Law Judge (ALJ), during which Plaintiff and a vocational expert testified.

On September 28, 2012, the ALJ issued an unfavorable decision. (R. 23-34.) The ALJ discredited Plaintiff's testimony because it was inconsistent with his daily activities and because he chose to buy cigarettes rather than pay for pain management treatment. The ALJ found that Plaintiff had severe impairments of osteoarthritis, degenerative disc disease, lumbar radiculopathy, sensory peripheral neuropathy, obesity, and a history of supraventricular tachycardia. The ALJ determined Plaintiff's impairments did not meet or equal the listings and

that Plaintiff retained the residual functional capacity (RFC) to perform sedentary work. The ALJ reasoned that Plaintiff could not perform his past relevant work but could transition to other work in the national economy. Therefore, the ALJ concluded that Plaintiff was not disabled. The ALJ's ruling became Defendant's final decision when the Appeals Council denied Plaintiff's request for review.

Plaintiff argues that the ALJ erred when he 1) failed to request an updated opinion from a medical expert; 2) did not adequately analyze whether Plaintiff's impairments met or equaled Listing 1.02, major dysfunction of a joint; 3) failed to incorporate the full extent of Plaintiff's limitations into the RFC assessment; and 4) discredited Plaintiff's testimony.

## II. Standard of Review

In reviewing an ALJ's decision, this Court does not try the case *de novo* or replace the ALJ's findings with the Court's own assessment of the evidence. *Pugh v. Bowen*, 870 F.2d 1271, 1274 (7th Cir. 1989). Instead, the Court must affirm the decision to deny benefits if the ALJ correctly applied the law and supported the decision with substantial evidence. *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Stated differently, if reasonable minds could differ as to whether Plaintiff is disabled, the Court must uphold the ALJ's decision to deny benefits. *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996). Importantly, in order for the Court to evaluate the ALJ's analysis, the ALJ must build a "logical bridge from the evidence to his conclusion." *See Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

## III. Discussion
### A. Updated Medical Expert Opinion

Plaintiff first contends that the ALJ erred by failing to request an updated opinion from a medical expert. Plaintiff notes that the most recent opinion of his RFC came from state agency physician Dr. Bilinsky in December 2011 (R. 531-33), who affirmed the August 2011 opinion of state agency physician Dr. Smith that Plaintiff could perform light work (R. 509-16). The ALJ wrote that he gave Dr. Smith and Dr. Bilinsky's opinions "some weight as they were reasonable

2

at the time rendered. However, subsequent evidence shows that the claimant is more limited than these consultants opined." (R. 32.) The ALJ decided, based on the subsequent evidence, that Plaintiff could perform only sedentary work. The evidence submitted after December 2011 included, in relevant part, an August 2011 EMG that showed Plaintiff suffered from moderate to severe lumbar radiculopathy and peripheral polyneuropathy (R. 937); a March 2012 MRI that showed spurring at the T12 vertebral body (R. 771); and evidence regarding Plaintiff's right arm and hand tremors from November 2011 (R. 763) and January 2012 (R. 1000).

Plaintiff contends that, rather than interpret the subsequent records himself and conclude that Plaintiff could perform sedentary work, the ALJ should have requested an additional medical expert opinion to determine the functional effects of Plaintiff's lumbar radiculopathy, peripheral polyneuropathy, bone spurring, and hand tremors.

According to Social Security regulations, "[a]dministrative law judges may also ask for and consider opinions from medical experts on the nature and severity of your impairment(s) and on whether your impairment(s) equals the requirements of any impairment listed in appendix 1 to this subpart." 20 C.F.R. § 404.1527(e)(2)(iii). An ALJ should "summon a medical expert if that is necessary to provide an informed basis for determining whether the claimant is disabled," *Green v. Apfel*, 204 F.3d 780, 781 (7th Cir. 2000), but need not where the evidence is adequate to establish that the claimant is not disabled, *see Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004). An ALJ may not use his lay opinion or conjecture to fill in gaps in the medical evidence. *Blakes v. Barnhart*, 331 F.3d 565, 570 (7th Cir. 2003) ("[T]he ALJ seems to have succumbed to the temptation to play doctor when she concluded that a good prognosis for speech and language difficulties was inconsistent with a diagnosis of mental retardation because no expert offered evidence to that effect here. Under the circumstances, the ALJ should have summoned an expert to provide an informed basis for determining whether [plaintiff] is disabled." (citation omitted)); *see also Barrett v. Barnhart*, 355 F.3d 1065, 1067 (7th Cir. 2004) (ALJ's conclusion that claimant could stand for two hours was not supported by the medical evidence because "[t]he only physician who specified limitations had advised that [plaintiff] could stand for up to six hours at a time, but he had not known about the problem with her knees.").

The Court finds that the ALJ erred by failing to request an updated opinion from a medical expert. The most recent medical opinion of Plaintiff's RFC, rendered in December 2011, was that Plaintiff could perform light work. The ALJ erred when he concluded, with almost no explanation, that the medical evidence submitted after the December 2011 opinion showed that Plaintiff could still perform sedentary work. The ALJ did not build a logical bridge between the evidence and his conclusion that Plaintiff could perform sedentary work and, instead, inserted his opinion of the medical evidence in place of a physician's. Given these circumstances, an updated opinion from a medical expert was necessary to provide an informed basis for determining whether Plaintiff was disabled. The Court recommends that this case be remanded for the ALJ to request an updated opinion from a medical expert.

### B. Listing 1.02 and RFC

Plaintiff next argues that the ALJ's analysis of whether Plaintiff's impairments met or equaled Listing 1.02, major dysfunction of a joint, was perfunctory and failed to consider the effects of Plaintiff's obesity. Additionally, Plaintiff contends that the ALJ failed to include the full extent of Plaintiff's impairments in the RFC. Because the Court is remanding the case for the ALJ to request an updated medical expert opinion, it will be necessary for the ALJ to reassess whether Plaintiff's impairments meet or equal the listings in light of this new evidence and, if the ALJ finds that Plaintiff's impairments do not meet or equal the listings, reevaluate Plaintiff's RFC. If the ALJ reaches the RFC assessment, he must consider "the limiting effects of all [Plaintiff's] impairment(s), even those that are not severe." 20 C.F.R. § 404.1545(e).

### C. Credibility

Finally, Plaintiff also asserts that the ALJ erred when he discounted Plaintiff's credibility based on his daily activities and his purchase of cigarettes.

The ALJ noted that Plaintiff reported that he could handle his personal care, although someone else shaved him due to his hand tremors; prepare meals; fold laundry while seated; wash a small amount of dishes; and shop for groceries while seated in a motorized cart. The ALJ concluded that these daily activities were inconsistent with Plaintiff's allegations of disabling pain. The Seventh Circuit has repeatedly cautioned that the ability to complete minimal

4

household chores does not necessarily mean that a person can perform competitive employment. *Hughes v. Astrue*, 705 F.3d 276, 278 (7th Cir. 2013) (collecting cases). On remand, ALJ should reconsider whether Plaintiff's minimal daily activities are inconsistent with his allegations of disability.

The Court also agrees that the ALJ erred by discrediting Plaintiff because he bought cigarettes. Plaintiff testified that he was not able to continue seeing a pain specialist because his insurance would not cover the cost. (R. 75-77.) The ALJ concluded that Plaintiff's pain must not be as debilitating as he claimed because he continued to purchase two packs of cigarettes a day, at $5.00 per pack, rather than pay for his pain treatment. The Seventh Circuit has reasoned, however, that an ALJ should not discredit a claimant's allegations of pain based on the purchase of cigarettes without ascertaining the cost of the treatment and the cost of the claimant's smoking habit in order to determine whether the claimant could actually afford treatment if he stopped smoking. *See Eskew v. Astrue*, 462 F. App'x 613, 616 (7th Cir. 2011). Therefore, on remand, the ALJ should not discredit Plaintiff due to his smoking habit unless the ALJ determines Plaintiff could actually afford his pain management treatment if he stopped smoking.

Accordingly, the ALJ must reassess Plaintiff's credibility on remand and should avoid unhelpful boilerplate language when explaining his credibility determination. *See Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013).

## IV. Conclusion

For these reasons, the Court recommends that Plaintiff's Motion for Summary Judgment **(#16)** be **GRANTED**, Defendant's Motion for Summary Judgment **(#21)** be **DENIED**, and that this case be remanded under Sentence Four of § 405(g) for further proceedings. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 15th day of July, 2014.

                                          s/DAVID G. BERNTHAL
                                    UNITED STATES MAGISTRATE JUDGE